**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1861-17T2

ALEXANDER DEFINA, A MINOR,
by his parents and guardians
ad litem, MICHAEL DEFINA and
DAHIANA DEFINA,

    Plaintiffs-Respondents,

v.

GO AHEAD AND JUMP 1, LLC,
d/b/a SKY ZONE INDOOR
TRAMPOLINE PARK, SKY ZONE,
LLC and SKY ZONE FRANCHISE GROUP,
LLC,

    Defendants-Appellants.

_____

Argued May 15, 2018 — Decided June 5, 2018

Before Judges Yannotti and Carroll.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Docket No.
L-5751-15.

Kelly A. Waters and Jose D. Roman argued the
cause for appellants (Wood Smith Henning &
Berman, LLP, attorneys for appellants Sky
Zone, LLC and Sky Zone Franchise Group, LLC;
Powell & Roman, LLC, attorneys for appellant
Go Ahead and Jump 1, LLC, d/b/a Sky Zone Indoor
Trampoline Park; Kelly A. Waters and Jose D.
Roman, of counsel and on the joint briefs;

Deborah J. Davison and Samuel G. John, on the joint briefs).

David K. Chazen argued the cause for respondents (Chazen & Chazen, LLC, attorneys; David K. Chazen, on the brief).

PER CURIAM

Sky Zone, LLC (Sky Zone) and Sky Zone Franchise Group, LLC (Sky Zone Franchise) (collectively, the franchisor defendants) appeal from a November 7, 2017 order denying their motion to compel arbitration and stay further proceedings in this matter.[1] We affirm.

## I.

Alexander Defina, a minor, sustained a fractured ankle while participating in a game of trampoline dodgeball at the Sky Zone Indoor Trampoline Park (SZITP) in Pine Brook. Before gaining access to the trampoline facility, Alexander's father, Michael Defina, was required to sign a document entitled, "Participation Agreement, Release and Assumption of Risk" (the Agreement).

---

[1] The amended notice of appeal also designates defendant Go Ahead and Jump 1, LLC (GAAJ) as an appellant. Such designation appears erroneous, since the motion that resulted in the November 7, 2017 order was filed only by Sky Zone and Sky Zone Franchise, and GAAJ did not seek any relief, nor was any relief sought or ordered against GAAJ. Hence, for purposes of this opinion, all references to defendants relate only to Sky Zone and Sky Zone Franchise unless otherwise specified.

A-1861-17T2

The Agreement provides in pertinent part that, in consideration of SZITP allowing participation

> in trampoline games or activities, I for myself and on behalf of my child(ren) and/or legal ward, heirs, administrators, personal representatives, or assigns, do agree to hold harmless, release and discharge SZITP of and from all claims, demands, causes of action, and legal liability, whether the same be known or unknown, anticipated or unanticipated, due to SZITP's ordinary negligence[;] and I, for myself and on behalf of my child(ren) and/or legal ward, heirs, administrators, personal representatives, or any assigns, further agree that except in the event of SZITP's gross negligence and willful and wanton misconduct, I shall not bring any claims, demands, legal actions and causes of action, against SZITP for any economic and non-economic losses due to bodily injury, death, property damage sustained by me and/or my minor child(ren) that are in any way associated with SZITP trampoline games or activities. Should SZITP or anyone acting on their behalf be required to incur attorney's fees and costs to enforce this Agreement, I for myself and on behalf of my child(ren), and/or legal ward, heirs, administrators, personal representatives or assigns, agree to indemnify and hold them harmless for all such fees and costs.

The Agreement includes an arbitration clause, which states:

> If there are any disputes regarding this agreement, I on behalf of myself and/or my child(ren) hereby waive any right I and/or my child(ren) may have to a trial and agree that such dispute shall be brought within one year of the date of this Agreement and will be determined by binding arbitration before one arbitrator to be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures. I further agree that the

3                                                      A-1861-17T2

arbitration will take place solely in the state of Texas and that the substantive law of Texas shall apply.  If, despite the representations made in this agreement, I or anyone on behalf of myself and/or my child(ren) file or otherwise initiate a lawsuit against SZITP, in addition to my agreement to defend and indemnify SZITP, I agree to pay within [sixty] days liquidated damages in the amount of $5,000 to SZITP. Should I fail to pay this liquidated damages amount with the [sixty] day time period provided by this Agreement, I further agree to pay interest on the $5,000 amount calculated at 12% per annum.[2]

In addition, the Agreement included the following statement, which was printed in bold type:

By signing this document, I acknowledge that if anyone is hurt or property is damaged during my participation in this activity, I may be found by a court of law to have waived my right to maintain a lawsuit against SZITP on the basis of any claim from which I have released them herein.  I have had sufficient opportunity to read this entire document.  I understand this Agreement and I voluntarily agree to be bound by its terms.

The Agreement also contains a severability clause, which states that, "I agree that if any portion of this agreement is found to

---

[2]  In the previous appeal we noted that GAAJ "had chosen not to enforce the forum selection clause in the Agreement, and had agreed that the arbitration could be conducted in New Jersey or New York, with New Jersey choice of law and a New Jersey arbitrator." Defina v. Go Ahead and Jump I, LLC, No. A-1371-15 (App. Div. July 12, 2016) (slip op. at 6).  In their reply brief in the present appeal, defendants take a similar position.

be void or unenforceable, the remaining portions shall remain in full force and effect."

In June 2015, plaintiffs filed a complaint asserting claims against GAAJ for simple negligence and gross negligence related to GAAJ's operation of the SZITP facility that resulted in Alexander's injury. The complaint also alleged that GAAJ's use of the Agreement was an unconscionable commercial practice in violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -184, and the New Jersey Truth in Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to -18. Plaintiffs sought an award of compensatory and punitive damages, interest, attorney's fees, and costs of suit.

GAAJ filed a motion to compel arbitration and stay proceedings in the lawsuit. On October 23, 2015, the trial court granted the motion, and ordered plaintiffs to submit any disputes with GAAJ to arbitration. On December 4, 2015, the trial court denied plaintiffs' motion for reconsideration.

Plaintiffs appealed the October 23, 2015 and December 4, 2015 orders. Plaintiffs argued, among other things, that the trial court erred by enforcing the arbitration clause in the agreement. We agreed, and reversed the orders in an unpublished opinion. Defina v. Go Ahead and Jump I, LLC, No. A-1371-15 (App. Div. July 12, 2016) (slip op. at 7, 12-13). We explained:

We are convinced that the arbitration clause at issue in this matter did not clearly and unambiguously inform plaintiff that he was giving up his right to bring claims arising out of the participation in activities at SZITP in a court of law and have a jury decide the case. The arbitration clause states that the person signing the agreement waives any right to a "trial" and agrees that any dispute shall be determined "by binding arbitration before one arbitrator to be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures."

Although the clause refers to a "trial", there is no "clear and unambiguous statement that the person signing the Agreement is waiving [his] right to sue or go to court to secure relief." [Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 446 (2014)]. Indeed, there is no reference in the clause to a court or a jury. The Agreement also does not explain how arbitration differs from a proceeding in a court of law. We conclude that the Agreement did not clearly and unambiguously inform Michael Defina that he was "giving up his right to bring [his] claims in court and have a jury resolve the dispute." Id. at 447 (footnote omitted).

[Id. at 12.]

After the matter was remanded to the trial court, plaintiffs amended their complaint to add the franchisor defendants, Sky Zone and Sky Zone Franchise. On May 15, 2017, the United States Supreme Court issued its opinion in Kindred Nursing Centers Ltd. P'ship v. Clark, 137 S. Ct. 1421, 1424, 1429 (2017), holding that arbitration agreements governed by the Federal Arbitration Act

(FAA), 9 U.S.C. §§ 1-16, must be placed "on equal footing with all other contracts."

In September 2017, the franchisor defendants filed a motion to compel arbitration and stay the lawsuit. They argued that our July 12, 2016 decision in this matter was no longer valid because, after Kindred Nursing, New Jersey courts could no longer rely upon the reasoning in Atalese as a basis for refusing to enforce an arbitration agreement. Alternatively, they contended the arbitration provision was enforceable even under the standard established in Atalese, and that our prior holding to the contrary was erroneous.

The motion was assigned to a different judge, who rejected the franchisor defendants' arguments. In an oral opinion, the judge explained:

> the Kindred Nursing Center Supreme Court decision . . . held unequivocally that, '[a] [c]ourt may invalidate an arbitration agreement based on generally applicable contract defenses like fraud or unconscionability but not on legal rules that apply only to arbitration and that derive their meaning from the fact that an agreement to arbitrate is at issue.
>
> This is not what happened in the Defina Appellate Division decision of July 12, 2016, and . . . that decision is not affected by the Kindred Nursing Center's [United States] Supreme Court decision because . . . Kindred Nursing . . . clearly and unequivocally reiterates [and] reinforces that the [c]ourt

7                                                          A-1861-17T2

is to apply contract principles in reviewing these arbitration provisions, like any other contract, and should not give an arbitration provision a separate or higher standard for presentation and enforcement.

The judge then reviewed our July 12, 2016 decision, and similarly concluded the subject arbitration clause could not be enforced because it failed to inform the person signing the Agreement that he was waiving his right to proceed in court and have a jury decide the case. The judge entered an order denying the motion on November 7, 2017. This appeal followed.

II.

We begin by reciting our standard of review. The validity of an arbitration agreement is a question of law; therefore, our review of an order denying a motion to compel arbitration is de novo. Barr v. Bishop Rosen & Co., Inc., 442 N.J. Super. 599, 605 (App. Div. 2015) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)); see Atalese, 219 N.J. at 445-46 ("Our review of a contract, generally, is de novo, and therefore we owe no special deference to the trial court's . . . interpretation. Our approach in construing an arbitration provision of a contract is governed by the same de novo standard of review." (citations omitted)).

On appeal, defendants renew their argument that the trial court's decision should be reversed because it relied on Atalese,

which defendants maintain has been abrogated by <u>Kindred Nursing</u>. Defendants contend <u>Atalese</u> established a standard that was arbitration-specific and thus violates <u>Kindred Nursing</u>, which precludes a state from disfavoring arbitration agreements, or imposing rules on arbitration agreements that do not apply to contracts generally. Alternatively, defendants argue the arbitration clause is valid and enforceable because it clearly instructs the only way for the parties to resolve all claims and disputes is through arbitration.

In <u>Kindred Nursing</u>, the United States Supreme Court reviewed a decision of the Kentucky Supreme Court that invalidated clauses in agreements a wife and daughter entered into with an entity that operated nursing homes, using powers of attorney they obtained from family members, which required that claims or controversies be submitted to binding arbitration. <u>Kindred Nursing</u>, 137 S. Ct. at 1425. In reversing, the Court found the Kentucky Supreme Court's decision violated the FAA by singling out arbitration agreements for disfavored treatment. <u>Id.</u> at 1426-29. Thus, in ruling that a person holding a general power of attorney was not allowed to enter into an arbitration agreement for the person granting the power unless the representative possessed specific authority to waive his principal's rights under the Kentucky Constitution to access the courts and to trial by jury, the

Kentucky Supreme Court flouted the FAA's mandate to place arbitration agreements on an equal footing with all other contracts.  <u>Ibid.</u>

Contrary to defendants' argument, we conclude <u>Kindred Nursing</u> does not abrogate <u>Atalese</u>, upon which our July 12, 2016 decision and the trial court relied.  Rather, in <u>Atalese</u>, the New Jersey Supreme Court explicitly recognized that "[t]he FAA requires courts to 'place arbitration agreements on an equal footing with other contracts and enforce them according to their terms.'" <u>Atalese</u>, 219 N.J. at 441 (quoting <u>AT&T Mobility v. Concepcion</u>, 563 U.S. 333, 339 (2011)).

> Thus, "a state cannot subject an arbitration agreement to more burdensome requirements than" other contractual provisions.  An arbitration clause cannot be invalidated by state-law "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."
>
> Arbitration's favored status does not mean that every arbitration clause, however phrased, will be enforceable . . . .  Section 2 of the FAA "permits agreements to arbitrate to be invalidated by '<u>generally</u> applicable contract defenses.'"  Accordingly, the FAA "permits states to regulate . . . arbitration agreements under general contract principles," and a court may invalidate an arbitration clause "'upon such grounds as exist at law or in equity for the revocation of any contract.'"
>
> [<u>Ibid.</u> (citations omitted).]

In <u>Atalese</u>, the Court concluded that

> [t]he requirement that a contractual provision be sufficiently clear to place a consumer on notice that he or she is waiving a constitutional or statutory right is not specific to arbitration provisions. Rather, under New Jersey law, any contractual "waiver of rights provision must reflect that [the party] has agreed clearly and unambiguously" to its terms.
>
> [<u>Id.</u> at 443 (citations omitted).]

The Court emphasized that "[a]rbitration clauses are not singled out for more burdensome treatment than other waiver-of-rights clauses under state law. Our jurisprudence has stressed that when a contract contains a waiver of rights — whether in an arbitration or other clause — the waiver 'must be clearly and unmistakably established.'" <u>Id.</u> at 444 (citation omitted).

Having concluded that <u>Atalese</u> is not abrogated by <u>Kindred Nursing</u>, we find no basis to revisit or depart from our July 12, 2016 decision invalidating the arbitration clause at issue in the present case. As noted, we previously determined the subject arbitration clause does not clearly and unmistakably inform the party signing it that he or she is agreeing to waive their right to be heard in court or their constitutional right to a trial by jury. Nor does the clause explain what arbitration is or how it differs from bringing a claim in court. Guided by <u>Atalese</u>, our

July 12, 2016 ruling retains the same validity today as it did when it was decided.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1861-17T2